UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

    v.

JOHN DOE subscriber assigned IP address
68.133.3.207,

        Defendant.

_____

**DECISION AND ORDER**

1:20-CV-01080 EAW

## INTRODUCTION

Plaintiff Strike 3 Holdings, LLC, ("Plaintiff") commenced this action on August 13, 2020, alleging that defendant John Doe subscriber assigned IP address 68.133.3.207 ("Defendant") downloaded and distributed Plaintiff's motion pictures ("the Works") in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (Dkt. 1). On February 7, 2021, Defendant, through counsel, filed the instant motion to quash a third-party subpoena (Dkt. 12) directed to Defendant's Internet Service Provider ("ISP") pursuant to the Court's November 5, 2020, Decision and Order (Dkt. 6). Also pending before the Court is Plaintiff's second motion for an extension of time to file and effectuate service on Defendant. (Dkt. 16).

For the following reasons, the Court denies Defendant's motion to quash (Dkt. 12) and grants Plaintiff's second motion for an extension of time (Dkt. 16).

## BACKGROUND

The following alleged facts are taken from the complaint and assumed to be true for the purposes of the pending motions. Plaintiff has alleged ownership of motion pictures (the "Works") and that the Works have "been registered with the United States Copyright Office." (Dkt. 1 at ¶ 45). Plaintiff has also alleged that Defendant "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶¶ 49-50). According to Plaintiff, it has "developed, owns, and operates an infringement detection system, named 'VXN Scan,'" and used VXN Scan to determine that "Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (*Id.* at ¶¶ 27, 28). "[W]hile Defendant was using the BitTorrent file distribution network, VXN Scan established direct TCP/IP connections with Defendant's IP address." (*Id.* at ¶ 29). VXN Scan "downloaded from Defendant one or more pieces of numerous digital media files," which Plaintiff identified "as portions of [the Works]." (*Id.* at ¶¶ 30-31). Plaintiff alleges that VXN Scan used the "Info Hash" value, which is "contained within the metadata of the .torrent file correlated with a digital media file . . . identical (or substantially similar) to a copyrighted work, to download a piece (or pieces) of the same digital media file from Defendant using the BitTorrent network," and that "VXN Scan captured transactions from Defendant sharing specific pieces of [the Works]." (*Id.* at ¶¶ 35, 37). Plaintiff further alleges that Defendant's infringement is "continuous and ongoing." (*Id.* at ¶ 44).

Plaintiff moved *ex parte* for leave to serve a third-party subpoena on Defendant's ISP so that Plaintiff could learn the name and address of Defendant and properly serve her/him. (Dkt. 4). On November 5, 2020, the Court granted Plaintiff's motion for leave to serve a third-party subpoena pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45. (Dkt. 6). Thereafter, Plaintiff filed a motion for extension of time to serve Defendant (Dkt. 7), which was granted by the Court (Dkt. 8).

Defendant filed a motion to quash the subpoena on February 8, 2021. (Dkt. 13). Plaintiff submitted its response on March 1, 2021 (Dkt. 15) and filed a second motion for an extension of time to file and effectuate service on Defendant on March 9, 2021 (Dkt. 16). Defendant submitted her/his response to the second motion for extension of time on March 25, 2021. (Dkt. 19).

## DISCUSSION

### I. Motion to Quash

Rule 45 provides that a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation omitted); *see Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly

burdensome."). Factors that should be considered when determining whether to grant a motion to quash based on a qualified privilege protecting anonymity include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quotation, alterations, and citation omitted). Ultimately, decisions about the reasonableness and burden of a subpoena are left to the sound discretion of the court. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016).

Defendant seeks to quash the subpoena and the release of her/his name or address, asserting that because s/he is represented by counsel who is prepared to accept service of the summons and complaint on her/his behalf, the subpoena is unnecessary. Defendant further argues that quashing the subpoena will allow her/him to maintain her/his anonymity while defending her/himself against the claim. (Dkt. 13-1 at 7-8). In response, Plaintiff contends that it seeks to obtain Defendant's identity and address not only so that it can properly serve Defendant, but also to confirm it should proceed with its claim, properly amend its pleadings, and conduct an appropriate investigation of its claims. (Dkt. 15 at 6). While counsel's willingness to accept service on Defendant's behalf may obviate the need for the subpoena in part, the Court finds credible Plaintiff's other justifications for seeking the subpoena to advance its claims in this litigation. Certainly, the Court is sympathetic to Defendant's concerns about wanting to defend the claims asserted against him while

protecting his anonymity from the public, but those concerns do not warrant withholding that information from Plaintiff or the Court and are otherwise adequately addressed via the protective order entered in this case. (Dkt. 6 at 5-6).

Finally, to the extent that Defendant seeks to vacate the Decision and Order allowing for the issuance of the subpoena, that request is denied. Defendant has not met the standard for reconsideration, and her/his arguments that the Court lacked good cause to permit pre-meet and confer discovery are not persuasive to warrant quashing the subpoena. *See John Wiley & Sons, Inc. v. Doe Nos. 1-44*, No. 12 Civ. 1568(WHP), 2012 WL 3597075, at *2 (S.D.N.Y. Aug. 21, 2012) (holding the defendant's claims that the plaintiff was "participating in a shake-down campaign" and "that an IP address is not a reliable means of identifying a specific BitTorrent user" were premature because they challenged the defendant's "liability rather than the propriety of the subpoena"). Consequently, Defendant's motion to quash is denied.

## II.     Motion for Extension of Time

Plaintiff has moved for the Court to grant a second extension of the time to serve its complaint. (Dkt. 16). Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve the defendant with the summons and complaint. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Here, Plaintiff seeks an extension of time because Plaintiff was granted leave in the Court's Decision and Order to serve a third-party subpoena on Defendant's ISP to obtain Defendant's identifying information. (Dkt. 6 at 6). The ISP has not yet responded due to the pending status

of the instant motion to quash, which rendered Plaintiff unable to comply with the current service deadline. "Plaintiff's inability to identify [Defendant] constitutes 'good cause' under Rule 4(m) for the requested extension." *Rotten Records, Inc. v. Doe,* No. 15-CV-6650-FPG, 2016 WL 9460666, at *2 (W.D.N.Y. Sept. 27, 2016). While Defendant's counsel contends that his willingness to accept service warrants a denial of the motion for extension of time, it is not clear whether that offer was conditioned on the subpoena being quashed and moreover, Plaintiff has advanced legitimate concerns about proceeding with service in that manner at this juncture. Therefore, pending Plaintiff's receipt of Defendant's identifying information from the ISP, Plaintiff's second motion for an extension of time is granted, and Plaintiff must effectuate service on or before August 2, 2021.

## CONCLUSION

For the foregoing reasons, Defendant's motion to quash (Dkt. 12) is denied, Plaintiff's second motion for an extension of time (Dkt. 16) is granted, and Plaintiff must effectuate service on or before August 2, 2021.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 3, 2021
       Rochester, New York